**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

OCT 8 - 2019

Clerk, U.S. District Court
Texas Eastern

UNITED STATES OF AMERICA    §
                            §
v.                          §    Case No. 4:19CR 258
                            §    Judge Jordan
CHELSEA JOLYNN TUCKER        §

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Counts One through Three

> Violation:  26 U.S.C. § 7201
> (Tax Evasion)

At all times material to this Indictment:

### Introduction and Background

1.    Systems Source, Inc. ("SSI") was a staffing company that provides contract labor and permanent placement for life insurance companies, and was located in Addison, Texas.

2.    From approximately 2001 to approximately 2017, Defendant, Chelsea Jolynn Tucker ("Tucker"), lived in McKinney, Texas in the Eastern District of Texas. Tucker opened a personal bank account with number ending in 3392 ("Personal Account") at a branch location of JP Morgan Chase Bank, N.A., located in McKinney, Texas, within the Eastern District of Texas. Tucker was the only person with access and control over her Personal Account.

3.     Tucker was employed by SSI in multiple roles between 1997 and 2016, including as an office manager.  In this capacity, Tucker was responsible for, among other things, administering payroll, preparing Forms W-2, making employment tax deposits, paying business expenses, and monitoring SSI's tax obligations using QuickBooks and TaxGuard.

4.     Tucker, as a resident of the United States, was required by federal law to report her personal income to the Internal Revenue Service ("IRS") using a Form 1040. On these forms, individuals are required to report their total income and deductions in order to determine the total tax owed to the IRS, as well as any refunds for which the individual may be eligible.

5.     SSI, like many businesses, was required under federal law to deposit and report employment taxes to the IRS.  Such taxes include, among other items, federal income tax withheld from employees, employee contributions to social security and Medicare, and employer contributions to social security and Medicare.

6.     An individual with the initials M.G. was employed by SSI until approximately 2013 and maintained a close personal relationship with Tucker both during and after his employment with SSI.

**Nature of Tucker's Fraudulent Activity**

7.     On or around February 2016, SSI discovered an accounting irregularity showing that a former SSI employee, M.G., was paid for approximately three years after M.G. had left the company.  Records showed that Tucker, who was responsible for

administering payroll, improperly issued company checks to M.G. between 2013 and 2015 totaling approximately $130,749.43.

8.      In addition to the improper payments to M.G., Tucker misappropriated SSI funds in multiple other ways, including by: (1) paying herself as both an employee and a vendor; (2) issuing herself unauthorized bonuses; (3) issuing herself fraudulent expense reimbursements; (4) using a corporate credit card for personal purchases; and (5) using SSI funds to pay her personal credit cards. Tucker deposited misappropriated funds in her Personal Bank account located in the Eastern District of Texas.

9.      Between 2013 and 2015, Tucker embezzled approximately $454,705.81 from SSI. Tucker owed approximately $123,124.00 in federal income tax on the amount she embezzled from SSI. For tax years 2013 through 2015, Tucker did not report any of the $454,705.81 as income on her Forms 1040, nor did she pay any of the $123,124.00 of taxes owed on this income.

10.     Tucker was able to continuously access company funds for her personal use because Tucker caused SSI to improperly retain employment taxes that should have been paid to the IRS. For six consecutive tax quarterly periods, beginning with tax period ending on September 30, 2014 and continuing through tax period ending on December 31, 2015, Tucker failed to pay SSI's employment taxes. During these six quarters, Tucker had a duty to both truthfully account for and pay these employment taxes. Instead of paying the full amount of employment tax SSI owed to the IRS, Tucker made inadequate payments on the amount owed. The employment taxes owed by SSI included federal income tax withheld from employees, employee contributions to social security and Medicare, and employer

contributions to social security and Medicare.  The unpaid amount for these tax periods totaled approximately $631,062.25.

### Execution of Tax Fraud and Attempts to Conceal Fraudulent Activity

11.     From on or about January 2013 through October 2016, in the Eastern District of Texas and elsewhere, Defendant, Tucker, a resident of McKinney, Texas, willfully attempted to evade and defeat income tax due and owing by her to the United States of America, for the tax years 2013 through 2015, by committing the following affirmative acts, among others:

   a.     Tucker prepared and caused to be prepared false and fraudulent Forms W-2, which were submitted to the Internal Revenue Service.

   b.     Tucker prepared and caused to be prepared, and signed and caused to be signed, false and fraudulent Forms 1040, which were submitted to the Internal Revenue Service.

   c.     Tucker fraudulently directed vendor checks and bonuses into her Personal Account at J.P. Morgan Chase Bank (account number ending in 3392).  Only Tucker had access and control over this bank account.

   d.     Tucker hid the fraudulent payments to M.G. by concealing the QuickBooks entries under a different payee while still ensuring that the paper checks were made out to M.G.

   e.     When Tucker was confronted about the importance of paying employment taxes, and after SSI began using TaxGuard as a monitoring service, Tucker created an email filter sending all emails from TaxGuard to her supervisor's trash folder.

   f.     Tucker purposefully screened and redirected phone calls from American Receivables, a company engaged by SSI to factor account receivables.

   g.     Tucker did not open select mail, including IRS collection notices.

The unpaid tax amounts for each Count are shown in the following table.

## Tucker's Unreported Taxes

| Count | Tax Year | Unreported Income | Tax Due (approximate) |
|-------|----------|-------------------|-----------------------|
| 1 | 2013 | $149,282.37 | $43,929.00 |
| 2 | 2014 | $136,304.27 | $39,219.00 |
| 3 | 2015 | $169,119.17 | $39,976.00 |
| **Total** | | **$454,705.81** | **$123,124.00** |

All in violation of Title 26, United States Code, Section 7201.

A TRUE BILL

_____
GRAND JURY FOREPERSON

JOSEPH D. BROWN
UNITED STATES ATTORNEY

_____
ANAND VARADARAJAN
Assistant United States Attorney

10 - 8 - 19
_____
Date

G.R. JACKSON
Assistant United States Attorney

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 4:19CR |
| | § | Judge |
| CHELSEA JOLYNN TUCKER | § | |
| | § | |

## NOTICE OF PENALTY

## Counts One through Three

Violation:   26 U.S.C. § 7201

Penalty:   Imprisonment for a term of not more than five years, a fine not to exceed $100,000, or both, together with the costs of prosecution; and a term of supervised release of not more than three years.

Special
Assessment:  $100.00